## THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**THOMAS TAYLOR**
2217 Osborn Drive
Silver Spring, MD 20910

      **Plaintiff,**

**v.**

**JK MOVING & STORAGE, INC.**
44112 Mercure Circle
Sterling, VA  20116

**Serve:** Robert J. Beagan
      1900 Gallows Road, Suite 700
      Tysons Corner, VA  22182

      **Defendant.**

Civ. No.: _____

## COMPLAINT

**COMES NOW** the Plaintiff, Thomas Taylor, by and through his attorneys, Edward L. Norwind and Zachary King of the law firm of Karp, Wigodsky, Norwind & Gold, P.A., and states the following cause of action against the Defendant JK Moving & Storage, Inc.:

## JURISDICTION AND PARTIES

1.      This cause of action arose on November 14, 2012, when Plaintiff Thomas Taylor, while riding a bicycle in the District of Columbia, was struck by a large commercial moving truck owned by Defendant JK Moving & Storage, Inc. and operated by one of Defendant's employees and/or agents.

2.      At all relevant times up to and including this incident, Plaintiff was an adult residing in Silver Spring, Maryland.

3.      Upon information and belief, Defendant JK Moving & Storage, Inc. (hereinafter referred to as "JK Moving") was, at all material times, a corporation organized and existing

under the laws of Virginia, and having its corporate headquarters and principal place of business in Sterling, Virginia.

    **4.**      Upon further information and belief, JK Moving engages in business in the District of Columbia on a regular basis.

    **5.**      The parties to this case are completely diverse, pursuant to 28 U.S.C. § 1332(a)(1).

    **6.**      The amount in controversy, exclusive of interest and costs, exceeds the minimum amount necessary for the Subject Matter Jurisdiction of this Court based on diversity, as specified by 28 U.S.C. § 1332(a).

    **7.**      This Honorable Court therefore has Subject Matter Jurisdiction of this action based on the diversity of the parties, pursuant to 28 U.S.C. § 1332(a)(1), -(c)(1).

    **8.**      This Court also has Personal Jurisdiction of Defendant because, upon information and belief, Defendant conducts business on a regular basis in the District of Columbia, and because the alleged events giving rise to this action occurred in the District of Columbia, in the course of Defendant's regular business there.

    **9.**      Venue is also therefore proper in the United States District Court for the District of Columbia, pursuant to 28 U.S.C §§ 88; 1391(b)(1-3).

## COUNT I

### (Personal Injury - Negligence)

    **10.**    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 9 of this Complaint.

    **11.**    On November 14, 2012, at approximately 8:40 a.m., Plaintiff was operating a bicycle, traveling southbound on a wide pedestrian sidewalk parallel to 16th Street NW in

Washington, D.C., in an area where he was permitted to bicycle by DC Code (Title 18, "Vehicles and Traffic," Chapter 12, "Bicycles, Motorized Bicycles, and Miscellaneous Vehicles").

12.     At the same time and location, an employee and/or agent of Defendant was driving a large commercial moving truck southbound on 16th Street NW in Washington, D.C. Upon information and belief, the truck was owned by Defendant JK Moving and operated by one of Defendant's employees and/or agents, who was acting within in the scope of his employment for the Defendant.

13.     As Plaintiff was traveling southbound on 16th Street, he approached Webster Street NW and began to cross the street in the crosswalk.  At this intersection, traffic on 16th Street does not have a traffic signal, and there is a stop sign for traffic traveling on Webster Street.  Although there is no traffic signal, at the time, there was a sign along 16th Street, NW, less than 200 feet from the intersection of Webster and 16th Street, cautioning drivers to beware of pedestrians in crosswalk.

14.     Suddenly and without warning, Plaintiff was struck by Defendant's truck as it was making a right turn onto Webster without yielding the right of way to Plaintiff.

15.     Plaintiff was knocked from his bicycle; and although he was wearing a helmet, his head struck a stop sign and the back of his head collided with a concrete sidewalk some 15 feet from the point of collision.

16.     Plaintiff was not contributorily negligent nor did he assume the risk of the collision.

17.     At all relevant times, Defendant owed a continuing duty to operate its truck in a reasonable and prudent manner, with due regard to other persons then and there lawfully on the roadway, including the Plaintiff.

18.     Defendant, acting by and through its employees and/or agents, breached its duty to operate the truck in a reasonable and prudent manner by, among other things:

    a.     Failing to yield the right-of-way to a bicyclist lawfully crossing the street in a marked crosswalk;

    b.     Making a right turn without paying attention or taking notice of a bicyclist lawfully in the crosswalk;

    c.     Failing to give full time and attention to the road;

    d.     Failing to control vehicle to avoid a collision;

    e.     Failing to control vehicle speed to avoid a collision; and

    f.     Failing to obey the rules and regulations of the District of Columbia and the Federal Motor Carrier Safety Regulations, then and there in full force and effect.

Defendant was negligent in other ways as well.

19.     As a direct and proximate result of the negligence described above, Defendant, acting by and through its employees and/or agents, caused the collision, injuries, and damages described in this Complaint.

20.     As a direct and proximate result of the incident and the negligent acts and omissions of the Defendant alleged above, Plaintiff sustained serious injuries including a concussion, post-concussion syndrome, contusions on his right leg and back, an injury to his right knee, a venous stasis ulcer and thrombosis in his left lesser saphenous vein, a second ulcer, scarring, and other injuries all of which may be permanent in nature.  As a result of the venous stasis ulcer, a vascular surgeon surgically removed most of Plaintiff's lesser saphenous vein in May 2013.  The surgeon further removed branches of the same vein with a sclerosing agent,

Sotradecol. As a result of the surgical procedures, Plaintiff thereby developed venous claudication, a debilitating and painful condition resulting from inadequate return of blood from his ablated and Sotradecol-treated lower venous system to his upper leg. Moreover, as a result of Sotradecol ablation made necessary by Defendant's negligence, Plaintiff developed a second ulcer in the area of the lesser saphenous vein. Both ulcers left large, permanent scars on Plaintiff's left leg.

21.    Plaintiff has incurred and will in the future incur medical, hospital, therapy, and other expenses for the treatment of his injuries. He has suffered and will in the future suffer pain and permanent disability. He has lost and will in the future lose income. He has suffered a permanent impairment of his future earning capacity. Plaintiff has been damaged in other ways.

**WHEREFORE,** Plaintiff Thomas Taylor demands judgment against Defendant JK Moving & Storage, Inc. in an amount in excess of $75,000 in compensatory damages, plus interest and costs, and any and all other relief to which he may be entitled.

Respectfully submitted,

**KARP, WIGODSKY, NORWIND & GOLD, P.A.**

Edward L. Norwind, Bar No. 936-396
lnorwind@karplawfirm.net

Zachary King, Bar No. 499-898
zking@karplawfirm.net

2273 Research Blvd., Suite 200
Rockville, Maryland  20850
301-948-3800 – phone
301-948-5449 – fax

*Counsel for the Plaintiff*

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(a)-(b)(1), Plaintiff demands a trial by jury on all issues so triable in this action.

Edward L. Norwind